PAULINE JOSS v. LEON J. MOHN ET AL.

1. In an action against heirs or devisees, under the statute (*Rev.*, p. 476), the heirs or devisees are representatives of the deceased debtor, and the plaintiff is incompetent to testify to any transaction with or statement by the deceased debtor.

2. A co-defendant in such an action can be called as a witness by the plaintiff, to testify to such transactions and statements, but the plaintiff cannot acquire competency by calling a defendant.

On case certified from the Hudson Circuit.

Argued at February Term, 1893, before BEASLEY, CHIEF JUSTICE, and Justices DIXON, REED and MAGIE.

For the plaintiff, *Thomas F. Noonan, Jr.*

For the defendants, *Cornelius B. Harvey.*

The opinion of the court was delivered by

REED, J. This action was brought by Pauline Joss against the devisees of one Fredericka Mohn to recover a sum of money, which the plaintiff claims that she loaned to the said Fredericka in her lifetime.

On the trial the plaintiff was put upon the witness stand and proceeded to detail her transaction with the deceased Fredericka, and statements made to her by the said deceased, in respect to the said loan.

To this testimony an objection was interposed, and, under an exception, the testimony was permitted to be taken.

Later in the course of the trial Josephine Mohn, one of the devisees of the said Fredericka Mohn, and one of the defendants in the action, was sworn as a witness for the plaintiff. She proceeded to detail similar testimony, to which an objection was also made. The testimony was admitted and an exception allowed. A verdict was returned for the plaintiff, and the Circuit Court has certified to this court the question whether these witnesses were competent to so testify.

The objection taken to this testimony is that its admission was forbidden by the language of the Evidence act, contained in the Revision (p. 378, §§ 3, 4), and in the Revision Supplement (p. 287, § 1). The import of the language of these sections, as judicially construed, is to exclude any testimony concerning any transaction with or statement by any testator or intestate represented in an action, by a party to the action, where either of the parties sues or is sued in a representative capacity, unless the representative offers himself as a witness in his own behalf and testifies to such transactions or statements. *McCarten* v. *McCarten*, 18 *Stew. Eq.* 265.

The primary question, therefore, is, Are heirs and devisees, in actions under the statute, representatives of the deceased debtor ? I think they are. Mr. Bouvier, in his *Law Dictionary*, under the title " Representative," uses this language : " The heir represents his ancestor (*Bac. Abr., tit.* 'Heir and Ancestor,' *A*), the devisee his testator, the administrator his intestate." It seems entirely undeniable that in actions like the present the heir or devisee stands instead of and so represents the deceased debtor. The statute which confers the right of action is modeled upon that of 3 *W. & M.*, c. 14. The object of the statute is to subject the real estate of the deceased debtor to a liability for all classes of debts left unpaid by such debtor. As, before the passage of these acts, the personalty could be reached by an action against the executor or administrator, who represented the deceased in respect to this kind of property, so, after the act, the real estate was reachable by an action against the heir or devisee as representative of the deceased debtor in respect of the realty. The heir or devisee certainly represents the testator or intestate as obviously as the estate of such deceased party is represented by an executor *de son tort* under our statute. *Rev., p.* 396, § 3. In an action against such an executor, as in an action against the heir or devisee, the judgment goes only for an amount equivalent to the value of the assets which have come to the hands of the defendants. It has been ruled by this court that in an action against an executor *de son tort* the

plaintiff is excluded as a witness by the terms of the statute. *Parker* v. *Thompson,* 1 *Vroom* 311.

The defendants in this case were sued in a representative capacity. It follows, therefore, as a matter of course, that the testimony of Pauline Joss, the plaintiff, in respect to the transactions and statements of the deceased debtor, should have been excluded. The competency of the other witness, Josephine Mohn, stands on a different ground. As already remarked, she was one of the devisees under the will of Fredericka and a codefendant in this action. The query is, whether the plaintiff could call her as a witness, although she stood upon the record as a party sued in a representative capacity. The language of section 4 of the statute (*Rev., p.* 378) seems to distinguish between the act of admitting a party to a suit in a representative capacity, as a witness, and the result which flows from the admission of such party as a witness in his own behalf. There seems to be nothing in the language of the statute which excludes such party from being a witness, but it is only when he is called as a witness in his own behalf that his testimony confers competency upon the opposite party. This was the view taken by Chancellor Runyon in *Dow* v. *Vreeland,* 3 *Stew. Eq.* 576, and it seems to be a plain statement of the language of the statute, which is not changed in this respect by the subsequent act of 1880. *Rev. Sup., p.* 287, § 1. This construction applies to all actions where the party called is really, as well as nominally, a defendant—a defendant in interest as well as upon the record. So far as appears from the record this is the position of this witness in the present case.

The Circuit is advised that the testimony of the first-named witness should have been excluded, and that the testimony of the second witness was properly admitted.