## WILLIAM M. GREENWOOD

### *v.*

### ADELAIDE H. HENRY and JAMES C. OGDEN, administrator of Eliza R. Thompson, deceased.

1. Suit for specific performance of a contract dealing with both real and personal estate, brought by one party against both the personal representative and the heir-at-law, who is also sole next of kin of the other party to the contract. On the trial the heir-at-law was offered and sworn as a witness, and testified to transactions with, and statements by, the deceased party.—*Held,* that thereby the complainant was made a competent witness under the act of February 25th, 1880 (*P. L. of 1880 p. 52*), and the canon laid down in *Mc-Cartin* v. *McCartin, 18 Stew. Eq. 265.*

2. Value of testimony of experts in handwriting discussed.

On bill for specific performance. Final hearing on pleadings and proofs.

*Mr. Richard V. Lindabury* and *Mr. William H. K. Davey,* for the complainant.

*Mr. Robert E. Chetwood* and *Mr. Foster M. Voorhees,* for the defendants.

Greenwood *v.* Henry.

PITNEY, V. C.

This is a bill for specific performance of a written contract in. these words:

"LORRAINE, March 9, 1892.

"Know all men by these presents, that William M. Greenwood agrees to work faithfully for Mrs. Eliza R. Thompson as a general manager of all her business, to do any kind of work that he may be called upon to do, for the period of her lifetime, in consideration of the services to be performed, the said Eliza R. Thompson agrees to that William M. Greenwood is her sole heir to all my real estate and personal property.

"We have signed as above dated.      ELIZA R. THOMPSON,
     "W. M. GREENWOOD."

Mrs. Eliza R. Thompson, one of the parties to the contract, died on the 19th of July, 1892, intestate, leaving the defendant, Mrs. Adelaide H. Henry, her only heir-at-law and sole next of kin. Administration of her estate was granted to the defendant Ogden, and on the 28th of September, 1892, this bill was filed against Mrs. Henry, as heir-at-law, and Mr. Ogden, as administrator, setting out the contract, alleging its performance on the part of the complainant, and that the deceased died seized of real estate in both New Jersey and New York, that in New Jersey being described by metes and bounds, and also possessed of personal property of considerable value which had come to the possession of the defendant Ogden as administrator; praying specific performance of the contract, and that the complainant may be adjudged and decreed to be entitled to all the property, real and personal, of which Mrs. Thompson died seized and possessed; and that Mrs. Henry may be decreed to convey to the complainant all the real estate of which Mrs. Thompson died seized; and that the defendant Ogden be required to pay and deliver to the complainant the personal estate of Eliza R. Thompson which may remain in his hands after settlement of his accounts.

Both the defendants answered, denying the execution of the contract by Mrs. Thompson and also its performance by the complainant.

At the hearing the defence mainly relied upon was that the signature of Mrs. Thompson to the contract in question was

Greenwood v. Henry.

not genuine, but was forged by the complainant or by his pro-
curement.

The defendant Mrs. Henry was offered as a witness on behalf
of the defendants, and testified to conversations and transactions
with the deceased and between deceased and the complainant.
Subsequently, the complainant was called in his own behalf and
was permitted, subject to timely objections made by the defend-
ants, to give evidence upon the whole case, including conversa-
tions and transactions with the deceased, the question of the
admissibility of the evidence being reserved for the final hearing.

I conceive it to be convenient to determine this question of
competency at the start. The objection raised by the defendants
was, of course, based upon the fact that the administrator is sued
in a representative capacity, and was not sworn as a witness.
On the other hand, the claim for the competency of the evidence
is based upon the ground that Mrs. Henry, the heir-at-law and
next of kin, is also sued in a representative capacity, viz., as
heir-at-law, and was offered and sworn as a witness in her own
behalf and testified as above stated ; and hence it is claimed that
under the canon laid down in *McCartin* v. *McCartin, 18 Stew.
Eq. 265*, the complainant, as the opposite party, is rendered
competent to give testimony on all subjects.

If this suit had been confined to a recovery of the realty, and
Mrs. Henry was, as well she might be, the only party defendant,
the complainant's position would have been above dispute, for
Mrs. Henry would have found herself in this dilemma : if she
was not sued in a representative capacity, then complainant was
clearly competent; if she was sued in a representative capacity,
she had rendered him competent by offering herself as a witness
and testifying in her own behalf within the interdicted range.

The real merits of the question are not changed by the fact
that complainant, by his suit, claims the personal estate as well
as the realty, and makes the personal representative a party, since
Mrs. Henry is sole next of kin as well as heir-at-law, and is the
only person in the least degree interested adversely to the com-
plainant in any part of the estate. The amount of the indebt-
edness of deceased was but trifling as compared with the amount

Greenwood *v.* Henry.

of the personal estate, so that Mrs. Henry, as sole next of kin, was clearly master of the suit and entirely responsible for being called as a witness.

Nevertheless, the bar of the statute against the evidence in question remains, unless Mrs. Henry was sued in a representative capacity, and its competency must be determined accordingly.

The precise question arose in *Colfax* v. *Colfax, 5 Stew. Eq. 206,* an exactly similar case, and it was there decided by Chancellor Runyon that the heir was sued in a representative capacity, and that the complainant, who stood precisely as does the complainant here, was not a competent witness unless made so by the action of the defendant.

The same rule was laid down by the supreme court in the very recent case of *Joss* v. *Mohn, 26 Vr. 407.* That was an action, brought upon contract for money loaned, against the devisee of the original borrower, and it was held that the defendant was sued in a representative capacity, and that the plaintiff was not competent. That decision renders it unnecessary for me to consider whether or not the intervening cases of *Hodge* v. *Coriell, 15 Vr. 456 ; S. C. on error, 17 Vr. 354.; Palmateer* v. *Tilton, 13 Stew. Eq. 555,* and *Crimmins* v. *Crimmins, 16 Stew. Eq. 86,* can be reconciled with the earlier case of *Colfax* v. *Colfax.*

The defendant Mrs. Henry, being thus sued in a representative capacity, and having been offered and sworn as a witness in her own behalf, and having testified to conversations with, and transactions by, her ancestor, she thereby, under the canon laid down in *McCartin* v. *McCartin,* rendered the complainant competent to give testimony on all subjects.

[Here follows a statement of facts and discussion of evidence.]

Now I stop here to say that I put a high value upon the evidence of a competent expert, so far as that evidence points out differences and similarities and other grounds upon which a juryman or a judge, acting as such, may form a judgment as to the genuineness of the signature.

In this case the evidence of Mr. Ames was of great assistance to me. I sat by his side while he gave it, attended carefully to every word he said and to every gesture he made and followed

Greenwood *v.* Henry.

·each'item of his evidence as he went along. I have since gone all over his evidence with the same care, spending a great deal ·of time upon it and examining with the utmost care the disputed ·signatures and the standards used by him and many other standards not used by him, and without going into details I will say that he has not satisfied me that the signatures are forged. I place little or no value upon his judgment expressed under oath, for the simple reason that it was not formed under such circumstances as to be impartial. He knew which signatures were ·suspected when they were submitted to him for examination, and he also knew what judgment would be agreeable to his ·employers, and experience has shown that in such case the mere ·sworn judgment of an expert is of little value.

[Here follows a discussion of the evidence.]

These considerations lead me to the conclusion that it was the ·duty of complainant to protest against this testamentary disposition if he did not. intend to observe it; and having not only failed to protest, but having, as already remarked, substantially promised to carry it out and permitted Mrs. Thompson to suppose that he would do so, he came under a corresponding obligation in equity.

It is proper to add that when this aspect of the case was pressed upon the learned and cautious counsel for the complainant he very frankly conceded its strength and substantially assented to the view above expressed.

I will advise a decree in accordance with the above views. The provision in favor of Mrs. Henry will be enforced upon condition that she shall place at the disposal of the court the title to the real estate in New York state, free and clear of any encumbrance put upon it by herself.

I have not considered what rights Charles W. Greenwood may have under the so-called will. He is not a party to these proceedings.

Unless the parties can agree upon some arrangement, the appointment of a trustee and the establishment of a fund will be necessary to raise the annuity for Mrs. Henry.

I will hear counsel as to the details of the decree and the question of costs.