United States and T. E. Gibson v. Citizens Trading Co.

(Filed November 14, 1907.)

(93 Pac. 448.)

**PUBLIC LANDS—Review in Equity—Decisions of Land Department.**
Courts of equity will always interfere to prevent injustice and wrong after the matter has been finally determined in the land department, when there has been a manifest misapplication of the law to the facts found by such department.

(Syllabus by the Court.)

*Error from the District Court of Pawnee County; before Bayard T. Hainer, Trial Judge.*

Affirmed.

*E. W. King,* for plaintiff in error.
*John Embry,* for the United States.
*Dale & Bierer,* for defendant in error.

### STATEMENT OF THE CASE.

This is an action brought in the district court of Pawnee county to declare a resulting trust to recover five lots in the townsite of Pawhuska, of which plaintiff below, defendant in error here, claims it had the preference right to purchase under the act of congress of March 3, 1905, relative to the sale of the Pawhuska townsite, by reason of having permanent improvements thereon, under the terms of that act. The character of the improvements is specifically set out in the petition. The defendant, in his answer and cross-petition, admitted the facts stated in plaintiff's petition to be true, but claimed that the improvements were not, in law, of the substantial character required by the instructions of the department. Both parties made motion for judgment on the pleadings. Motion of plaintiff below was sustained. Judgment rendered in favor of plaintiff, exceptions saved, and the case is brought here for review.

Opinion of the court by

IRWIN, J.: The act of congress of March 3, 1905, is as follows (omitting the caption):

"That there shall be created an Osage townsite commission consisting of three members, one of whom shall be the United States Indian agent at the Osage agency, one to be appointed by the chief executive of the Osage tribe, and one by the secretary of the interior, who shall receive such compensation as the secretary of the interior may prescribe, to be paid out of the proceeds of the sale of the lots sold under this act.

"That the secretary of the interior shall reserve from selection and allotment the south half of section four and the north half of section nine, township twenty-five north, range nine east, of the Indian Meridian, including the town of Pawhuska, which, except the land occupied by the Indian school buildings, the agency reservoir, the agent's office, the council building, and the residences of agency employees, and a twenty acre tract of land including the Pawhuska cemetery, shall be surveyed, appraised, and laid off into lots, blocks, streets and alleys by said townsite commission under rules and regulations prescribed by the secre-

tary of the interior, business lots to be twenty-five feet wide, and residence lots fifty feet wide, and sold at public auction, after due advertisement to the highest bidder, by said townsite commission, under such rules and regulations as may be prescribed by the secretary of the interior, and the proceeds of such sale shall be placed to the credit of the Osage tribe of Indians: Provided, that said lots shall be appraised at their real value, exclusive of improvements thereon or adjacent thereto, and the improvements appraised separately. And provided further, that any person, church, school, or other association in possession of any of said lots, and having permanent improvements thereon shall have preference right to purchase the same at appraised value, but in case the owner of the improvements refuses or neglects to purchase the same, then such lots shall be sold at public auction at not less than the appraised value, the purchaser at such sale to have the right to take possession of the same upon paying the occupant the appraised value of the improvements."

An examination of this record will disclose that the improvements upon which the occupant claims a preference right of purchase of the lots in controversy were of a permanent character. This fact is clearly set forth, and an accurate and particular description of the kind and character of the improvements is set up in the petition, and the facts are expressly admitted by the answer. This leaves no question as to the improvements being of a valuable and permanent character. This leaves nothing for the court to consider but the question of a misapplication of the law to the facts, and brings the case clearly within the class of cases of which courts of equity should and will take cognizance. *King v. Thompson,* 3 Okla. 644; *Paine v. Foster,* 9 Okla. 214; *Moore v. Robbins,* 96 U. S. 530.

The improvements in this case being conceded to be lasting, permanent and valuable, there can be no room for doubt but that the townsite board misapplied the law to the facts; and hence the decision of the district court was right and should be affirmed, which is accordingly done, at the costs of the appellant.

Hainer, J., who presided in the court below, not sitting; Pancoast, J., absent; all the other Justices concurring.