## MORTGAGE & DEBENTURE CO. v. RHODES et al.

No. 8578—Opinion Filed March 25, 1919.

Rehearing Denied Sept. 9, 1919.

(Syllabus by the Court.)

**1. Public Lands—Homestead Entry—Disposition by Will.**

Where a homestead entryman complies fully with the homestead laws of the United States, but dies before making final proof, he is entitled to dispose of his homestead by will.

**2. Same — Newly Discovered Evidence—Equitable Relief.**

Courts of equity may furnish, in proper cases, relief to a party, where new evidence is discovered, which, if possessed and presented at the time, would have changed the action of the Land Department.

**3. Same—Resulting Trust.**

H., a homestead entryman, after earning the right to have a patent issued to her, disposed of her homestead by will and died before making final proof. Subsequent to the death of H., the entryman, M., one of her daughters and one of the devisees named in the will, made application to "prove up" the land as an heir, which, upon ex parte hearing before the Land Department, resulted in the issuance of patent to the heirs of H. In an action by one of the devisees to declare a resulting trust, it appeared that there was no dispute as to the existence of the will, and that the Land Department issued the patent to the heirs, either erroneously, knowing of the existence of the will, or upon final proof which, through inadvertence or design, failed to disclose that fact. Held to present a proper case for relief in equity.

Error from District Court, Logan County; R. C. Bassett, Special Judge.

Action to foreclose a mortgage by the Mortgage & Debenture Company against Florence Rhodes, Laura McNeil, Adele Hamilton, and Ella Doss. From judgment in part for defendant Florence Rhodes, as devisee, and in part for Ella Doss, and for Laura McNeill conditionally, as heirs, plaintiff brings error. Laura McNeil having died, Henry McNeil, as her sole heir and administrator, was substituted defendant in error. Judgment for defendant Florence Rhodes affirmed and judgment for defendants Ella Doss and Laura McNeil reversed; otherwise modified and remanded, with directions.

Tibbetts & Green, for plaintiff in error.

Hiram A. King, H. A. Kroeger, and Milton Brown, for defendant in error Rhodes.

S. A. Horton, for defendant in error Doss.

Dale & Bierer, for defendant in error Henry McNeil.

KANE, J. This is a four-sided controversy, involving title to the land covered by the homestead entry of Harriet Hamilton, deceased. The facts necessary to disclose the claims of the respective parties, and to pass upon the vital questions presented for review, may be summarized as follows:

Harriet Hamilton, the homestead entryman, died after having fully complied with the homestead laws of the United States, but before she made her final proof; her application for final proof being pending before the local land office at the time of her death. After she had earned the right to have a patent issued to her, the entryman made a will, bequeathing 40 acres of her homestead to Florence Rhodes and 120 acres thereof to Laura McNeil. Immediately after the death of Harriet Hamilton, Laura McNeil, one of the devisees named in the will, and who was also a daughter of the entryman, made application for final proof before the land office at Guthrie, with the result that thereafter in due time a patent was issued "to the heirs of Harriet Hamilton, deceased." After the patent was issued, the will was formally probated, and thereafter Laura McNeil executed a mortgage covering the entire tract of land to the Mortgage & Debenture Company, Limited, a corporation, which seeks to foreclose the same. The other parties to this action, not hereinbefore specifically named, claim under the patent as heirs of Harriet Hamilton, the homestead entryman.

Neither the findings of fact and conclusions of law, nor the judgment and decree of the trial court, are abstracted by counsel in their respective briefs, as required by rule 26 of this court; but from what is stated we are able to gather that the trial court decreed 40 acres of the land to Florence Rhodes, as a devisee under the will, and decreed the remaining portion to Laura McNeil and Ella Doss, as heirs of the entryman, the undivided interest of Laura McNeil to be subject to the mortgage of the Mortgage & Debenture Company. It is a little difficult to state briefly the precise grounds of error relied upon by the various plaintiffs in error, but it is apparent from the foregoing statement that the case turns upon the vital question whether, in the foregoing circumstances, the action of the Land Department in issuing the patent to the heirs of Harriet Hamilton must be held to be conclusive upon the courts.

As the solution of this question will disclose beyond controversy the rights of the respective claimants, we do not deem it nec-

essary to consider in detail the specific assignments of error. It is well settled that, when officers of the land office decide controverted questions of fact, in the absence of fraud, imposition, or mistake, their decisions on those questions are final, except as they may be reversed on appeal in that department. Ross v. Stewart, 25 Okla. 611, 106 Pac. 870; Id., 227 U. S. 520, 33 Sup. Ct. 345, 57 L. Ed. 626.

As counsel for the respective parties to this controversy have but partially complied with rule 26 of this court (165 Pac. ix) we are unable to say, without an examination of the record itself, upon what evidence the Land Department acted in issuing the patent. That the homestead entryman died leaving a will, as hereinbefore stated, is undisputed, and as the party making application for final proof was one of the devisees named therein, and was also one of the heirs of the entryman, it is fair to assume that she knew of the existence of the will and that she conveyed this information to the officers of the Land Department before whom final proof was taken. If she did this, then the patent was issued to the wrong party by the Land Department by an erroneous view of the law. The homestead entryman, having earned the land by residence, improvement, etc., was at liberty to dispose of the same by will, and the patent, upon proof of this, should have been issued to her devisees, instead of to her heirs. Section 2291, Rev. Stat. U. S. (U. S. Comp. St. sec. 4532); Trueman v. Bradshaw, 43 Land Dee. 242.

It seems to be the view of counsel representing the parties claiming as heirs that, since there was no affirmative showing made at the trial as to whether the will of the entryman was brought to the notice of the officers of the land office, before whom final proof was made, it must be assumed that they did not know of it, and that in these circumstances, the Land Department having issued the patent to the persons appearing to be entitled to it by the evidence presented to it on final proof, the court was bound to consider the action of the Land Department in issuing the patent to the heirs as conclusive upon it, notwithstanding it was conceded that, if the facts concerning the will had been disclosed, it would have been the duty of the Land Department to issue the patent in the name of the devisees as a matter of law. We are unable to agree with this contention. It is quite true that the ruling of the Land Department on disputed questions of fact, made in a contested case, must be taken, when that ruling is collaterally assailed, as conclusive. Ross v. Stewart,

supra; Shepley v. Cowan, 91 U. S. 330, 23 L. Ed. 424. But in the case at bar the final proof before the land office was taken ex parte, and as the existence of the will was not in controversy, there was neither a contested case nor a disputed question of fact presented and ruled upon. Whether there was a will in existence was undisputed. Whether or not it was called to the attention of the Land Department was the only matter left in doubt in the trial court, and this seems to us to be immaterial. If the existence of the will was called to the attention of the Land Department, it was clearly its duty to issue the patent to the devisees named therein, as a matter of law. If this fact was kept from the Land Department, either by inadvertence or by design, then this case must be ruled by the class of ex parte cases mentioned in Shepley v. Cowan, supra, which hold that the courts may furnish, in proper cases, relief to a party where new evidence is discovered which, if possessed and presented at the time, would have changed the action of the land officers. In the case of Svor v. Morris, 227 U. S. 524, 33 Sup. Ct. 385, 57 L. Ed. 623, where the proceedings were ex parte, the court held the patent subject to correction, saying:

"Had the real facts been disclosed, * * * viz. that the defendant was residing upon and occupying the land in virtue of a lawful homestead settlement antedating the second indemnity selection it would have been the duty of the Secretary of the Interior to disapprove the selection, and no doubt he would have done so. But the real facts were not disclosed."

From the briefs of counsel we gather that the court below rendered judgment in favor of Florence Rhodes for the 40 acres devised to her by the will, but refused to permit Laura McNeil to take as a devisee, for the reason that she made application to "prove up" the land as an heir. We do not believe that the latter position is tenable. It was immaterial who made the application to "prove up," or whether presented by one claiming as an heir or as a devisee. In either event it was the duty of the land office to either reject the proof or to issue the patent to the persons entitled to it under the facts. If the true facts were disclosed, then undoubtedly the patent should have been issued to the devisees. If they were not known, and the patent by this omission was issued to the wrong parties, a proper case is presented for relief in equity.

Entertaining this view of the law, it follows that the part of the judgment awarding 40 acres of the land to Florence Rhodes as devisee must be affirmed; that the part of

the decree allowing Ella Doss to take as an heir is reversed, as is also that part of the decree which denies the right of Laura McNeil to take 120 acres of the land as a devisee under the will; and also that the part of the decree affecting the loan of the Mortgage & Debenture Company must be modified in accordance with the views herein expressed.

There may be other material questions involved in this case, but it seems to us that the ones passed upon are the vital questions, and that their decision will enable the trial court to enter such decree as will finally determine the respective rights of the parties. At any rate, we feel that we have passed upon all the questions presented for decision which we are able to get a full understanding of from the abstract and abridgment of the record contained in the briefs of the respective counsel, without making an examination of the record itself. This is all we are required to do. Rule 26, supra.

The cause is remanded to the trial court, with directions to proceed in accordance with the views herein expressed; the costs of this proceeding in error to be taxed against the defendant in error, Henry McNeil, the sole heir and administrator of the estate of Laura McNeil, deceased, and the balance of the costs to await the final determination of the cause.

All the Justices concur.