## CLARK et al. v. FRAZIER et al.

No. 12041—Opinion Filed Jan. 15, 1924.

Rehearing Denied Feb. 12, 1924.

(Syllabus.)

**1. Appeal and Error — Review of Equity Case—Suffiency of Evidence.**

In a case of purely equitable cognizance the findings and judgment of the trial court will not be reversed on appeal, unless the same are clearly against the weight of the evidence.

**2. Same—Affirmance.**

Evidence examined, and held, that the same is not clearly against the weight of the evidence.

Error from District Court, Lincoln County; Hal Johnson, Judge.

Action by Mary Clark and others against Ella Frazier and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

Rittenhouse & Rittenhouse, for plaintiffs in error.

Emery A. Foster and John J. Hildreth, for defendants in error.

COCHRAN, J. This action was brought by the plaintiffs in error for the purpose of establishing a resulting trust in certain lands in Lincoln county, which the defendant in error Mrs. Ella Frazier purchased from the School Land Commissioners of the state of Oklahoma in 1915, Mrs. Malinda C. Mott was the owner of a school lease on this land during her lifetime. She died on September 17, 1900, leaving eight children. Thereafter, this lease was transferred to Mrs. Ella Frazier, and on November 22, 1915, at a public sale of the property, Mrs. Frazier became the purchaser and certificate of sale was issued to her. It is the contention of the plaintiffs in error that the transfer of the lease was made to Mrs. Frazier and was held by her until the time of the sale of the property for the use and benefit of all of the heirs of Mrs. Mott, each of them having an undivided one-eighth interest therein, and that the various heirs expended money in making improvements on the premises and in paying the lease money; that at the time the land was purchased on November 22, 1915, Mrs. Frazier purchased the same for the use and benefit of the heirs and paid for the same with money derived from a sale of the personal property belonging to the estate of Mrs. Mott, and in which all of the heirs were equally interested, and that by reason thereof Mrs. Frazier holds said property as trustee for the eight children of Mrs. Mott.

It was the contention of Mrs. Frazier that soon after the death of Mrs. Mott, she agreed to pay all of the expenses of the last sickness and burial expenses of Mrs. Mott and other claims against her estate as well as certain lease money on this lease, and the other heirs in consideration therefor waived their claim to this lease and made a written request of the Commissioners of the Land Office to transfer the lease to Mrs. Frazier, which was done; that she was the owner of and in possession of the lease from that time until the time of the sale of the property in 1915, and that at the sale she became the purchaser of the property in her own name and is now the legal owner thereof.

This case was appealed to this court from a judgment sustaining a demurrer to plaintiffs' petition, and the cause was reversed, with directions to overrule the demurrer; the case being Clark v. Frazier, 74 Oklahoma, 177 Pac. 589. The law applicable to the case was determined in that case, and, upon a trial of the case, the law announced was adhered to by the trial court. The present appeal presents for consideration only the question of the sufficiency of the evidence to support the decree of the trial court. This being a case of purely equitable cognizance, it is our duty to weigh the evidence and determine the case in accordance with the rule governing such cases.

As to all of the material facts in the case, an examination of the record discloses that there is a sharp conflict in the evidence; Mrs. Mary C. Clark and Mrs. Josephine Wade and Andy Parks testifying to facts tending strongly to support the contention of the plaintiffs in error, whereas Mrs. Frazier testified to a state of facts supporting the opposite contention. The defendants in error introduced a release filed with the Commissioners of the Land Office purporting to be signed by the various heirs requesting that the lease be transferred to the defendant in error Mrs. Frazier, and releasing their claims as heirs to said property. Mrs. Clark and Mrs. Wade denied that they had signed this instrument, and each stated that she was unable to say whether the other signatures attached to the instrument were the signatures of the other heirs, their brothers and sisters. The witness Andy Parks admitted that he signed the instrument, but claimed that he was tricked into signing the same by Mrs. Frazier. There was testimony introduced tending to impeach him, and the trial court, in view of this testimony and the various other facts and circumstances appearing in the record, taken in connection with the positive testimony of Mrs. Frazier in connection with this transaction, found generally in favor of Mrs. Frazier.

It is our opinion that the finding of the trial court and judgment rendered thereon are not clearly against the evidence, and hence the judgment of the trial court should be, and the same is hereby, affirmed.

JOHNSON, C. J., and McNEILL, KENNAMER, HARRISON, and MASON, JJ., concur.