## DEVIN v. MITCHELL.

No. 18877.   Opinion Filed April 1, 1930.

E. W. Snoddy, for plaintiff in error.

A. R. Carpenter and Guy D. Talbot, for defendant in error.

HERR, C. In this case title to a sewing machine is involved. The action is in replevin brought by Stella Mitchell against Lou Devin to recover possession thereof. Plain-tiff prevailed in the trial court. Defendant appeals.

Plaintiff claims the property as a gift from Caroline Hinzy, since deceased. Defendant claims as legatee under the will of deceased. She is not an heir, nor is she related to deceased.

The first assignment is that the court erred in permitting plaintiff to testify relative to certain conversations and transactions had by her with deceased. It is contended that her evidence should have been excluded under section 588, C. O. S. 1921, which, so far as here is material, is as follows:

"No party to a civil action shall be allowed to testify in his own behalf, in respect to any transaction or communication had personally by such party with a deceased person, when the adverse party is the executor, administrator, heir at law, next of kin, surviving partner or assignee of such deceased person, where such party has acquired title to the cause of action immediately from such deceased person, * * *"

The question here presented is, Is a legatee an assignee within the meaning of said section? The authorities are in conflict.

In 5 C. J., at page 838, the author says an assignee is one to whom rights have been transmitted by particular title such as sale, gift, legacy, transfer, or cession. As to the particular question here involved, Bouvier's Law Dictionary is cited. At page 840, the author announces the following rule:

"Thus the term 'assignment' ordinarily imports a transfer by one existing party to another existing party, and therefore does not include a devise, or legacy."

Cases from New York and New Jersey are cited to support the text. The New Jersey cases hold that legatees and devisees are not legal representatives of the deceased and not protected by the statute: Smith v. Smith, 19 Atl. 255; McKinley v. Coe, 57 Atl. 1031; Burr v. Bloomsbury, 138 Atl. 876. To the same effect are the following cases: Newton v. Newton (Tex.) 14 S. W. 157; Goodwin v. Fox, 129 U. S. 601.

In the case of Hight v. Sackett, 34 N. Y. 447, the following rule is announced in the syllabus:

"Under sec. 399 of the Code, as amended in 1859, the assignor of a judgment against a decedent, is a competent witness for his assignee, in an action against the legatees of the judgment debtor."

In the body of the opinion, it is said:

"An assignment can, in no just sense, be said to be made by a dead man, nor can it

properly be said that one who receives a legacy takes as assignee. The instrument is without life, until the death of the giver, and nothing is received by the beneficiary, until the giver has ceased to possess the power to bestow. The two parties do not co-exist for an instant. The idea of an assignment is essentially that of a transfer, by one existing party to another existing party, of some species of property or valuable interest. (1 Tomlin Law Dic., tit. 'Assigns')."

In 40 Cyc. at page 2304, the rule is thus stated:

"Legatees or devisees are not protected under a statute excluding testimony as against heirs and legal representatives, or executors, administrators, or assignees."

The Supreme Court of Georgia takes the opposite view in the case of Kramer v. Spradlin, 98 S. E. 487, wherein the earlier case of Austin v. Collier, 37 S. E. 434, to the contrary, was expressly overruled. The case of Joss v. Mohn, 55 N. J. L. 407, 26 Atl. 987, is cited to support the view there taken. This case holds that a devisee is protected by the statute. The latter New Jersey cases above cited, however, departed from the ruling in that case, and the rule announced in the case of Smith v. Smith, supra, adhered to. It is there said:

"In an action for dower, the demandant is a competent witness against the devisees under the testator's will."

This now seems to be the settled rule in New Jersey, so it will be seen that the opinion in the Georgia case is, in part, based upon an opinion which has later been departed from by the court rendering it.

West Virginia takes the opposite view. McMechen v. McMechen, 17 W. Va. 683, 41 Am. Rep. 682. This case, in support thereof, cites the cases of Buck v. Stanton, 51 N. Y. 624 and Cornell v. Cornell, 12 Hun (N. Y.) 314, neither of which is in point.

The statute should be strictly construed. In the case of Grosshart v. McNeal, Adm'r, 95 Okla. 102, 218 Pac. 329, it is said:

"The rule is that a witness is competent to testify in his own behalf as against his adversary. His disqualification to testify is the exception to the rule. Section 5049, Rev. Laws 1910, disqualifies a witness to testify in his own behalf as to transactions had personally by the witness with deceased person only when the conditions mentioned in said statute exist. Said statute cannot be extended by interpretation to render the witness disqualified, except where the opposite party is brought by the express provisions of said statute within one of the classes of persons therein specifically named."

In the case of McMaster v. Goss, 88 Okla. 115, 212 Pac. 304, this court, quoting from the case of Burlington Nat. Bank v. Beard (Kan.) 42 Pac. 320, defines an assignee, within the meaning of the section of the statute under consideration as follows:

"We think that the common acceptation of the word 'assignee' is limited to an assignee in fact, and does not comprehend an assignee by mere operation of law. If it had been intended by the Legislature to include the latter sense, it would have scarcely been necessary to use the words 'executor, administrator, heir at law, next of kin, or surviving partner' for the word 'assignee' would be broad enough to embrace them all, and therefore the word 'assignee' was used in its more limited sense of an assignee in fact. It would be regarded as a strained construction of the word to extend it to a sheriff, or the creditors whom he represents, by reason of the levy of an attachment upon the property of a defendant."

In paragraph 4 of the syllabus, the following rule is announced:

"The purchaser of land at execution sale to satisfy a judgment against a person who died subsequent to its rendition, is not the assignee of such deceased person within the meaning of section 5049, Rev. Laws 1910; and in an action involving title to such land, where such a purchaser is the adverse party, the plaintiff, a vendee of such deceased judgment debtor who acquired title before the judgment lien attached, may testify in his own behalf in respect to the transactions or communications had personally with his vendor whereby he claims title."

We think this holding decisive of the case at bar. Accepting the definition of an assignee as therein announced, defendant was not an assignee within the meaning of the statute, and the evidence complained of was properly admitted.

It is next contended that the evidence fails to show a delivery of the property to plaintiff, and the judgment is, for this reason, erroneous.

The evidence discloses that the machine was given plaintiff by deceased in December, 1924, as a Christmas present; that she was at said time living at the home of deceased and caring for her. The evidence is conclusive that plaintiff exercised dominion and ownership over the machine and used the same as her own. Disinterested witnesses testified that deceased stated to them that she had given the machine in question to plaintiff as a Christmas present. We think this evidence sufficient to establish a gift. There

was a sufficient delivery—the only delivery that could have been made under the circumstances. On the question of delivery, the following rule is announced in 28 C. J. 638:

"There must be a delivery of the instrument declaring the gift in order to make such gift valid.

"The rule as to delivery is not so strictly applied to transactions between members of a family living in the same house, the law in such cases accepting as a delivery acts which would not be so regarded if the transactions were between strangers living in different places. It is not required that the thing given should be removed from their common residence."

It appears from the evidence that sometime in the year of 1925, a misunderstanding arose between plaintiff and deceased, who was her aunt. Plaintiff was then a resident of Illinois, and, on the 29th day of June, 1925, left on a visit to her home, and while there received a letter from deceased forbidding her return. Shortly thereafter she removed her personal effects from the home of deceased, but did not take the machine in question. There is also testimony to the effect that deceased had stated that she intended to give the machine to plaintiff provided she stayed with her and took care of her until her death. The machine was not replevined until it was delivered to defendant by the executor under the terms of the will.

It is argued that, in these circumstances, the evidence is insufficient to establish a gift. We think the evidence was sufficient upon which to take the case to the jury, and, on this point, the verdict is conclusive and binding upon us.

Certain evidence relative to real estate deeded by deceased to plaintiff was offered by defendant and excluded by the court as being irrelevant. Evidence of declarations of the deceased as to the reason for making this conveyance was also offered by defendant and excluded by the court. We can see no error in these rulings.

A prior will of deceased, which did not include the property here involved and which was subsequently revoked by her, was also offered by defendant and excluded by the court. We think this will might have been properly admitted. 28 C. J. 676. We are not, however, convinced that the exclusion of this evidence constitutes reversible error.

Finding no error in the record, judgment should be affirmed.

BENNETT, TEEHEE, EAGLETON, and DIFFENDAFFER, Commissioners, concur.

SWINDALL, J., disqualified and not participating.

By the Court: It is so ordered.