### STEVENS v. PATTEN. et al.

No. 25094.    April 30, 1935.

Withdrawn, Corrected, Refiled and Rehearing Denied Sept. 17, 1935.

Application for Leave to File Second Petition for Rehearing Denied Nov. 19, 1935.

Erwin & Erwin, for plaintiff in error.

Emery A. Foster, pro se.

PER CURIAM. John R. Stevens prosecutes this appeal to reverse the judgment of the district court of Lincoln county in favor of Ida Patten, Andrew G. Parks, James H. Parks, Josie Hutchinson, and Emery A. Foster, entered on the 6th day of May, 1933, in an action instituted on the 7th day of July, 1931, by John R. Stevens, as plaintiff, and against Ida Patten, Andrew G. Parks, James H. Parks, Josie Hutchinson, and Emery A. Foster, as defendants, to quiet title to land in Lincoln county, described as: Northwest quarter (N. W. ¼) of section thirty-six (36), township seventeen (17) north, range two (2) east. The parties will be referred to herein as they appeared in the trial court.

The material facts necessary to be considered in determining the questions presented by this appeal, briefly stated, in substance, are as follows:

On the 22d of November, 1915, Mrs. George M. Frazier, same person as Ella P. Frazier, entered into a contract with the Commissioners of the Land Office of state of Oklahoma, for the purchase of above-described land concerned herein, and made payments thereon. There was litigation about the land, and on March 25, 1924, Ella P. Frazier, for the payment of attorneys fees, executed a quitclaim deed to Emery A. Foster for an undivided one-fifth interest in the land, which deed was duly filed for record in office of the county clerk of Lincoln county, November 1, 1924. For litigation, see Clark v. Frazier, 74 Okla. 141, 177 P. 589; and on second appeal, Clark v. Frazier, 101 Okla. 163, 222 P. 970.

Thereafter, having made some payments, but not all, on contract for land, Ella P. Frazier died, leaving a will which was duly probated in the county court of Logan county, state of Oklahoma, October 18, 1926, a

584

copy of the will being offered in evidence showed that the deceased left certain bequests of $500 each, to Ida Patten, Mary Clark, Andrew G. Parks, and Jim Frazier, her brothers and sisters. Ella P. Frazier divised by said will the said land to her daughter, Pearl Leah Silverman, same person as Pearl Leah Silverman Privitt, subject to the provisions in the will that the income from said property should be distributed equally among the said Ida Patten, Mary Clark, Josie Hutchinson, Andrew G. Parks, James H. Parks, and Pearl Leah Silverman, during their lives and upon the death of any of such parties to the survivors thereof in equal parts. On the 18th day of April, 1929, the executors filed their final account for final settlement, distribution and to determine heirship, which 'was heard by the county court May 31, 1929, pursuant to notice issued May 8, 1929, and published for two consecutive weeks in a newspaper printed and published at Guthrie, Logan county. In the decree of settlement of final account of May 31, 1929, the county court of Logan county finds the will of Ella P. Frazier provided said property concerned herein should be controlled and possession retained by the joint executors of said will, the income to be used to pay taxes, necessary expenses and outstanding obligations against such property, and the balance distributed according to the provisions of the will; that George W. Partridge represented in said hearing Pearl Leah Silverman Privitt, Mary Clark, Andrew G. Parks, Ida Patten, and James H. Parks; from the statement of George W. Partridge, the court found Ida Patten, Andrew G. Parks, James H. Parks, Josie Hutchinson, and Pearl Leah Silverman Privitt had covveyed all of their interest in said lands concerned to Mary Clark, and, since Mary Clark would be the owner of all of said property, there was no occasion for the joint executors to control said property further or to continue the said trust, and the court discharged said executors and decreed the said real estate belonged to Mary Clark.

Thereafter Mary Clark presented to the Commissioners of the Land Office a certified copy of decree of the county court of Logan county, and acting upon the finding in said decree that she was the sole owner of said land, that office, in an ex parte hearing, issued to Mary Clark a patent conveying to her the property July 23, 1929, which deed was duly recorded in the office of the county clerk of Lincoln county. On July 26, 1929, Mary Clark, a widow, who after-

wards married the plaintiff, executed a warranty deed in favor of plaintiff to said land, which deed was duly recorded in the office of the county clerk of Lincoln county July 31, 1929.

On February 6, 1930, plaintiff made an agreement with Emery A. Foster for the renting of the land for the year 1930, four-fifths of the rent to be paid plaintiff and one-fifth to Emery A. Foster, said money to remain in the bank until both parties agreed to its disbursement. The contract further provided that neither party to the contract waived any of his rights or claim to the ownership of the land.

Because of issues raised a statement of pleadings is necessary. This action was commenced by John R. Stevens, the plaintiff, on July 7, 1931, filing his petition claiming himself to be the owner in fee simple and in possession of the land; that he and his grantor had been in the open, notorious, exclusive, and uninterrupted possession of said land for over two years before the commencing of the action, and therefore all claims of defendants were barred by the statutes of limitations; and that the defendants claimed some interest in the property. Emery A. Foster answered, denying plaintiff's allegations and possession and alleging plaintiff's title, if he has any, is based upon a deed from Mary Clark, recorded in the office of the county clerk of Lincoln county July 31, 1929; that Mary Clark obtained a patent from the Commissioners of the Land Office of the state of Oklahoma, which patent was duly recorded in the office of the county clerk July 26, 1929; that Ella P. Frazier was the owner of said land theretofore and had conveyed him a one-fifth interest for an attorney's fee; that Ella P. Frazier died while he and she were tenants in common, taking the rents and profits in paying taxes and payments to the Land Office; that Ella P. Frazier died, leaving a will which gave the interest of Ella P. Frazier in said land to her daughter, Pearl Leah Silverman Privitt, and the income from said land to her said daughter and to her sisters, Ida Patten, Mary Clark, Josie Hutchinson, and· her brothers, Andrew G. Parks and James H. Parks, so long as they lived, and, in case of their deaths, to the survivors thereof in equal shares, a certified copy of the final decree in said probate court being filed in the office of the county clerk of Lincoln county; that John R. Stevens obtained whatever title he had from Mary Clark with full knowledge of the claim and ownership of his one-fifth interest in said land; that the patent se-

cured by Mary Clark from the Land Office was obtained by fraud, imposition and mistake, in that Mary Clark obtained said patent by representing to the Commissioners of the Land Office that she was the sole owner of said land, knowing her said representations to be false and in furnishing a certified copy of the decree of final settlement in the probate case, in which it was falsely stated that Mary Clark was the owner of the entire interest in said lands; that John R. Stevens participated and actively assisted the said Mary Clark in fraudulently securing said patent and in furnishing the money to be paid the Land Office. He further alleged that he did not learn of said fraud until the recording of the patent so fraudulently obtained in the office of the county clerk of Lincoln county on July 26, 1929; that Mary Clark and John R. Stevens held said patent and the title obtained in trust for the true owners of said property, including this defendant, Emery A. Foster; that the judgment and record of the county court of Logan county, in so far as it affected his title to the land, is void on its face for the want of jurisdiction; that John R. Stevens was never in possession of said land; that Emery A. Foster is the legal and equitable owner in fee simple of an undivided one-fifth interest in said land and in possession as tenant in common, and asked to have his title quieted against John R. Stevens.

Ida Patten and Josie Hutchinson filed answer admitting that John R. Stevens had a deed to the land from Mary Clark; that John R. Stevens subsequently became the husband of Mary Clark; that Mary Clark obtained the patent from the Land Office July 23, 1929, after she obtained a purported quitclaim deed from Pearl Leah Silverman Privitt; that Ella P. Frazier was the owner of the land at the time of her death, leaving a will devising said land to Pearl Leah Silverman Privitt, subject to the income going to Ida Patten, Mary Clark, Josie Hutchinson, Andrew G. Parks, James H. Parks, and Pearl Leah Silverman Privitt, during the life of them and to the survivors thereof in equal parts; that John R. Stevens obtained his title from Mary Clark with full knowledge and notice that the income from said estate belonged to said parties as set out in said will; that Ida Patten and Josie Hutchinson have never made conveyance of their interest in said real estate; that on September 13, 1929, Josie Hutchinson filed notice of her claim in the office of the county clerk of Lincoln county; that Josie Hutchinson never had any notice or knowledge of the final hearing of the account in the settlement of the estate of Ella P. Frazier, deceased; that she was not represented by any attorney at said hearing of said final account at the time the final decree of distribution was made; that John R. Stevens furnished the money to Mary Clark to pay the Land Office for the patent, and actively assisted and participated with Mary Clark in practicing a fraud upon said Land Office and these defendants by presenting a purported certified copy of decree of settlement in said final account wherein it was falsely stated that Ida Patten and Josie Hutchinson had conveyed all of their said interest in said real estate to Mary Clark, when Mary Clark and John R. Stevens well knew said representations to be false and that said defendants did not learn of said representations until about September 1, 1929. These defendants filed also a cross-petition alleging them to be the owners of an undivided one-sixth interest each in the income from said real estate jointly with Andrew G. Parks, James H. Parks, as long as they should live and to the survivors thereof; that whatever rights John R. Stevens acquired, he secured the same with full notice and knowledge of the rights of the defendants and whatever possession he has is subject to the provisions of the will of Ella P. Frazier, deceased; that John R. Stevens collected oil and gas and farm rents for the years 1929, 1930, and 1931, and has retained the same, and these defendants ask for an accounting of said rentals and a decree establishing their right to an undivided one-sixth interest each to the income from said land. Ida Patten and Josie Hutchinson filed an amendment to their answer and cross-petition by attaching a copy of the decree of settlement in the matter of Ella P. Frazier, deceased, together with a copy of notice of hearing of final account, a copy of notice of hearing on probate of will, showing they had been notified of the probate of will but had not been notified of hearing the final account of the executors.

The plaintiff filed a demurrer to answer of defendant Foster and to the answer and cross-petition as amended of defendants Ida Patten and Josie Hutchinson, which demurrers were overruled. Plaintiff then filed his reply to the answer of Ida Patten and Josie Hutchinson, denying allegations of their answer, and alleging that said defendants were given notice as required by

law on the hearing of the final account and final settlement and the determining of heirship in the matter of Ella P. Frazier, deceased; that the final decree of settlement is a final judgment, has not been vacated or appealed from, and more than two years have elapsed since that judgment was rendered and the claims of the defendants are barred by the two-year statute of limitations; that the said defendants have accepted the benefits coming to them under said final decree, receiving the cash and personal property mentioned therein, and are estopped to attack the validity of said decree and from claiming any interest in said lands; that he practiced no fraud and bought said lands in good faith. Andrew G. Parks and James H. Parks filed no pleadings. and made no appearance, unless a mention in. the record at the beginning of the trial could be considered an appearance, where it is stated that Emery A. Foster and Fred W. Green appear for defendants.

On May 6, 1933, the trial court rendered judgment for Emery A. Foster, Ida Patten, and Josie Hutchinson, holding that Emery A. Foster is the owner of an undivided one-fifth interest in said real estate and that Ida Patten and Josie Hutchinson are each the owner of an undivided one-sixth interest in the income from said real estate; that the plaintiff's grantor had paid the Land Office for the patent certain money then due the state on the purchase of said land, together with taxes, and made improvements, for all of which the defendants are liable to reimburse the plaintiff in proportion to their interest in said land or income therefrom; that plaintiff is entitled to a lien upon the interest of said defendants for their pro rata part of the money paid the Land Office, together with taxes, interest, and . improvements, and an accounting should be made to determine the amount of said lien; that the said interest of said defendants should be quieted against the claims of the plaintiff subject only to the lien of the plaintiff as set out. Thereupon, the court by decree, quieted the title of defendants against the plaintiff, except as to plaintiff's lien as set out, and ordered an accounting to determine the amount of said lien and reserved for future decision the amount due the plaintiff on purchase price, taxes, interest, and improvements and taxed the costs against plaintiff. The plaintiff appealed.

■ Having secured a certificate of purchase for the land from the Land Office, and made some of the payments thereon,

Ella P. Frazier thereby became the owner of an equitable estate in said land, which could ripen into a full legal title upon completing the payments under contract and securing patent. Clark v. Board of Commissioners, 143 Okla. 18, 285 P. 127; Brake v. Blain, 49 Okla. 486, 153 P. 158; Clark et al. v. Frazier, 74 Okla. 141, 177 P. 589; Wilder v. Haughey, 21 Minn. 101; White. etc, Co. v. J. Neil's Lumber Co., 100 Minn. 16, 110 N. W. 871.

■ Ella P. Frazier conveyed an undivided one-fifth interest in the land by deed to Emery A. Foster in her lifetime, which deed was duly placed of record in Logan county. This she had a right to do. Sec. 9331, C. O. S. 1921. The will of Ella P. Frazier, deceased, duly probated, gave to Ida Patten and Josie Hutchinson, Andrew G. Parks and James H. Parks, an undivided one-sixth interest in the rents and profits coming from her interest in said land. This was status of title on death of Ella P. Frazier.

■ The plaintiff contends the interest of Foster under his deed and of other defendants under the will was destroyed by the patent from the Land Office and final decree of distribution entered by the county court of Logan county, in the matter of Ella P. Frazier, deceased, that decree and judgment had become final; that two years had elapsed since the decree was made, since the patent from the Land Office had been recorded and since he entered into possession of said land. Foster contends his one-fifth interest was held by deed prior to the death of Ella P. Frazier; that his interest was not subject to the jurisdiction of the county court in making final decree of distribution in the case of Ella P. Frazier, deceased; that when Mary Clark represented to the Land Office that she had purchased and was the owner of all of the interest in said land, this was a fraud upon the Land Office and upon him; that Mary Clark and plaintiff had full notice of his claim of ownership at the time she made such representations to the Land Office, because his deed had been of record for sometime prior thereto and by the further fact that he was in joint possession as tenant in common of the property. The other defendants contend the patent from the Land Office and final decree of distribution do not exclude their interest in said land for there was fraud practiced upon the court at the time of the rendition of such decree of distribution and fraud practiced upon the Land Office in representing Mary Clark to be the owner of all the in-

terest in the land when Mary Clark knew that these defendants had not conveyed to her their interest in said property, and that the plaintiff knew of and participated in such fraud. The trial court found the issues for the defendants and against the plaintiff. This is a case of purely equitable cognizance, and the findings and judgment of the trial court will not be reversed on appeal, unless the same is clearly against the weight of the evidence. Winemiller v. Page, 75 Okla. 278, 183 P. 501; Clark et al. v. Frazier, 101 Okla. 163, 222 P. 970; Hunter v. Murphy et al., 124 Okla. 207, 255 P. 561.

It is our opinion that the finding of the trial court and judgment rendered thereon is not clearly against the evidence, but it is supported by the evidence. The county courts of Oklahoma have no jurisdiction to create or determine the title to real estate, and Emery A. Foster was not bound by the county court decree of distribution and heirship. Byers et al. v. Brinlee et al., 157 Okla. 72, 10 P. (2d) 690. When Ella P. Frazier deeded Foster a one-fifth interest in the land, the county court would have no jurisdiction to destroy Foster's interest in the land by a decree of distribution in the probate case of Ella P. Frazier, deceased. When Ella P. Frazier died she had a four-fifths interest in the land and Foster had a one-fifth interest in the property. Foster's one-fifth interest was not a part of estate of Ella P. Frazier, deceased. This, we think, is clear. The order of the county court, therefore, holding that Mary Clark was the owner of all of the interest in the land would be void as to the one-fifth interest of Foster.

"If there are outstanding or adverse claims to the estate vested in third parties, they are not affected by the probate proceedings, save as in cases of liens, etc., especially provided for by statute." Bath v. Valdez et al., 70 Cal. 350, 11 P. 724, 727.

From this case our court quotes in Byers v. Brinlee, supra, as follows:

"In Bath v. Valdez et al., 70 Cal. 350, 11 P. 724, 727, it was said:

"'The next proposition relates to the estoppel of the plaintiff by the decree of distribution in probate, whereby the undivided one-half of the property was decreed to the heirs of Valdez, and the other undivided half to Burrows as assignee of and successor in interest of Manuela Valenzuela de Valdez, the widow. * * *

"'We may admit, for present purposes, that plaintiff is estopped by the decree of distribution so far as he acquired any title to the Valdez estate by the several mesne conveyances through which title from that estate passed to him. The real question, however, remains, and is, Was he estopped by the decree from setting up the independent estate which he had acquired under the statute of limitations? Had the plaintiff appeared in the probate proceedings, and set up his title adverse to the estate acquired by him under the statute of limitations, the court had no authority to hear and determine the question thus raised. "The probate court has jurisdiction to settle the estate of a deceased person, and has no power, save in certain excepted instances, to determine disputes between the heirs or representatives of the deceased and third persons." * * *

"'If there are outstanding or adverse claims to the estate vested in third parties, they are not affected by the probate proceedings, save as in cases of liens, etc., especially provided for by statute.'

"In Rockey et al. v. Vieux et al., 179 Cal. 681, 178 P. 712, it was held:

"'Under Code Civ. Proc. 1666, decree distributing lands of decedent is conclusive only as to rights of heirs, legatees, or devisees, in so far as they claim in such capacity, merely determining succession to such title as decedent may have had, not that he had any title to bind third parties in distributee's action to quiet title'."

The decree of distribution recites that the attorney appearing for Mary Clark, Ida Patten, Josie Hutchinson, Andrew G. Parks, and James H. Parks, announced that Mary Clark had purchased their interest in the property. Ida Patten and Josie Hutchinson denied in their evidence any knowledge of the decree of distribution being entered; that they had ever employed said attorney in said matter, and that they had ever sold their interest in said land to Mary Clark or anyone else. No evidence was offered to contradict the testimony of these defendants to Mary Clark of their interest in the property. Mary Clark testified as a witness for plaintiff, but her testimony shows she did not claim to have bought the interest in the land of said defendants. The court must conclude if she had bought such interest she would have said so. Therefore we conclude that the finding in the decree of distribution that Mary Clark had purchased the interest of the other defendants in said property was not true and the trial court was right in so finding.

■ ■ Plaintiff makes the further contention that he was an innocent purchaser in good faith, and that even though defend-

ants might have a defense to the claim of ownership by Mary Clark, the patentee, such defense would not be available against him as he had no knowledge of the final decree of distribution and of Foster's quitclaim deed and certificate which had been recorded. The trial court found against plaintiff. The quitclaim deed had been duly recorded in county clerk's office conveying to Foster a one-fifth interest in the property. The certificate of purchase from the Land Office and the quitclaim deed to Foster so recorded in office of county clerk of Lincoln county were notice, and the plaintiff was bound by it. Winter v. Schneider, 120 Okla. 299, 251 P. 609. The certificate of purchase showed Ella P. Frazier had bought the land and a purchaser would consult the probate proceedings knowing she was dead. He would then find the will and all probate proceedings. Foster testified the plaintiff told him sufficient to show that the plaintiff had actual notice of his recorded quitclaim deed, certificate, and county court records, had examined the title and knew the circumstances out of which the title came. Foster testified:

"Q. Did you have a conversation with Mr. Stevens in regard to a matter of obtaining this patent from the School Land Department? A. I did. Q. When and where? A. In Chandler, at the time he came over here with somebody about two years ago. Q. You may state what that conversation was in substance. (Objection.) A. He told me he had looked this matter all up and taken the advice of a lawyer before he went into it, and that he furnished Mary Clark the money to get the patent and that it was ironclad. That he knew of my deed, my claim, when he did it and that I didn't have a chance on earth. * * * Q. That conversation was prior to the time that Mary Clark made application for a patent? A. No, it was after. I wouldn't swear to it positively, but my recollection when I went over to see her lawyer at Guthrie, Mary Clark was there, before they got this patent. I know Mary Clark—I don't know whether she was there with him at the same time, but they were there in Partridge's office, the Partridge that made this statement to the court, and I don't know that it is material, but I went over to the county court and this decree of the county court entered in the case says—They know all about it and were right there. * * * Q. In your conversation with Mr. Stevens, did he state whether or not he was familiar with the matter of the estate of Ella P. Frazier? A. All he told me was, 'I wouldn't have gone into this thing or furnished them the money but as good a lawyer as there is in Guthrie told me it was absolutely all right and I looked

it up and went into it with my eyes open. I know I am right. That is all he told me'."

Foster further testified the rentals on the land, or his part, were to go to the Land Office, and it continued that way; that at time Stevens took his deed, the land was rented to a person whom Foster had placed in possession; that Mary Clark brought a suit against such tenant; that Stevens never was in possession of the land himself, and that he and Stevens stipulated waiving no rights in a lease for one year, which happened about a year before the trial. The defendant denied some of this evidence and the court found in favor of Foster's testimony. Foster had not filed his quitclaim deed with the Land Office, but under the record plaintiff must have had both actual and constructive notice of Foster's deed outstanding and not released, and plaintiff was charged in law to inquire of Foster before making purchase of the land. The record failed to show outside of decree of distribution any release of the claim of Ida Patten and Josie Hutchinson, nothing being signed by them, and an inquiry would easily have disclosed they still claimed their interest under the will in the income from the land. We believe the plaintiff knew the circumstances out of which his title came, and at least knew enough facts, which, if he had investigated, would have disclosed to him the full record of the title and the claims of said defendants. A purchaser cannot close his eyes to facts and circumstances that a reasonably prudent person would investigate. Section 3540, C. O. S. 1921 (sec. 61, O. S. 1931); Lair v. Myers, 71 Okla. 175, 176 P. 225; Mortgage & Debenture Co. v. Rhodes, 75 Okla. 298, 183 P. 481.

In McAlpine v. Resch et al., 85 N. W. 545, the Supreme Court of Minnesota states the rule as follows:

"When a purchaser of land for a valuable consideration has notice of facts and circumstances which would put a reasonably prudent man on inquiry of a prior unrecorded conveyance to a third party, he is not a purchaser in good faith."

In Mortgage & Debenture Co., v. Rhodes et al., supra, this court states:

"But in the case at bar the final proof before the Land Office was taken ex parte, and as the existence of the will was not in controversy, there was neither a contested case nor a disputed question of fact presented and ruled upon. Whether there was a will in existence was undisputed. Whether or not it was called to the attention of

the Land Department was the only matter left in doubt in the trial court, and this seems to us to be immaterial. If the existence of the will was called to the attention of the Land Department, it was clearly its duty to issue the patent to the devisees named therein, as a matter of law. If this fact was kept from the Land Department, either by inadvertence or by design, then this case must be ruled by the class of ex parte cases mentioned in Shepley v. Cowan, supra, which hold that the courts may furnish, in proper cases, relief to a party where new evidence is discovered which, if possessed and presented at the time, would have changed the action of the Land officers. In the case of Svor v. Morris, 227 U. S. 524, 33 Sup. Ct. 385, 57 L. Ed. 623, where the proceedings were ex parte, the court held the patent subject to correction, saying:

" 'Had the real facts been disclosed, * * * viz., that the defendant was residing upon and occupying the land in virtue of a lawful homestead settlement antedating the second indemnity selection, it would have been the duty of the Secretary of the Interior to disapprove the selection, and no doubt he would have done so. But the real facts were not disclosed'."

■ Plaintiff contends the trial court erred in overruling his demurrer to the answers of defendants and his objection to the introduction of evidence by defendants for the reason he claimed said answers made a collateral attack upon the patent issued by Commissioners of the Land Office and decree of the county court, and therefore were not a defense. The crucial question is whether a defendant can set up an equitable defense by way of answer in a suit to quiet title and have the holder of the patent and those with notice declared trustees for the rightful owner. It appears to us that this is a proper remedy. If the Land Office had known of the claims of defendants, it would not have issued a patent to Mary Clark. In Alluwe Oil Co. v. Shufflin, 32 Okla. 808, 124 P. 15, the court held:

"It is well established that, if the officers of the Land Department are induced to issue a patent to the wrong party by an erroneous view of the law, or because of a gross or fraudulent mistake of the facts, the rightful claimant has a remedy, and may avoid the decision of the Land Department and charge the legal title of the patentee with his equitable right to it, either upon the ground 'that, upon the facts found, conceded, or established, without dispute, at the final hearing before the Department, its officers fell into a clear error in the construction of the law applicable to the case, which caused them to issue the patent to the wrong party, or that, through fraud or gross mistake, they fell into a misapprehension of the facts proved before them, which had the like effect'."

"Courts of equity will always interfere to prevent injustice and wrong after the matter has been finally determined in the Land Department, when there has been a manifest misapplication of the law to the facts found by such department." United States et al. v. Citizens' Trading Co., 19 Okla. 585, 93 P. 448; Forster v. Ingram, 74 Okla. 219, 178 P. 99; Smith et al. v. Kennedy, 46 Okla. 493, 149 P. 197.

The only remedy of a claimant of public land, where a patent has been issued to a rival claimant, is by a bill in equity to charge the latter with a trust in his favor. Re Emblen, 161 U. S. 52, 40 L. Ed. 613; Johnson v. Towsley, 13 Wall. 72, 20 L. Ed. 485; Moore v. Robbins, 96 U. S. 538, 24 L. Ed. 848; Mortgage & Debenture Co. v. Rhodes, supra.

■ Plaintiff contends the court erred in overruling his objection to the competency of Foster to testify about transactions he had with Ella P. Frazier, now deceased. Counsel have in mind section 271, Okla. Stat. 1931, which reads as follows:

"No party to a civil action shall be allowed to testify in his own behalf, in respect of any transaction or communication had personally by such party with a deceased person, when the adverse party is the executor, administrator, heir at law, next of kin, surviving partner or assignee of such deceased person, where such party has acquired title to the cause of action immediately from such deceased person. * * *"

This section does not apply unless the adverse party occupies one of the positions herein named. Eldridge v. Finnegar, 25 Okla. 28, 105 P. 334. The plaintiff purchased the land from a legatee and devisee, Mary Clark. Mary Clark had purchased the interest she held from a devisee under the will of Ella P. Frazier, deceased. A legatee or devisee is not an assignee within the meaning of section 271, Okla. Stats. 1931. Devin v. Mitchell, 142 Okla. 233, 286 P. 335. The plaintiff therefore was not one of the parties named in the statute and his objection was properly overruled.

■ The plaintiff further claims the trial court erred in admitting incompetent, irrelevant, and prejudicial evidence over his objection. Plaintiff objected to the testimony of Josie Hutchinson and Ida Patten,

that they did not have any knowledge of the entering of the final decree of distribution by the county court in the matter of Ella P. Frazier, deceased; that they had not employed and did not know the attorney pretending to represent them at the hearing; and that such attorney had no authority to make the statement appearing in the decree that Mary Clark had purchased the interest of Josie Hutchinson and Ida Patten in the land, for the reason such testimony would be a collateral attack upon the final decree of the county court. These defendants charged fraud in the entering of the final decree by the county court, and the testimony of these defendants was important in proving the fraud and to inform the court the circumstances under which the decree was made. The defendants claimed they were notified at the time the will was probated, but that no notice whatever was sent to them at the time of the hearing on the final account and the determination of heirship. The defendants claimed they had made no conveyance to Mary Clark and the record fails to show any conveyance made by them to Mary Clark, and we think the trial court properly admitted the testimony of these witnesses in their effort to prove fraud in such proceeding.

In Cooper v. Gibson et al., 69 Okla. 105, 170 P. 220, the court said:

"Again, it is complained that the trial court erred in the admission of testimony. The governing rule on this question is announced in the second paragraph of the syllabus in Hankins v. Farmers' & Merchants' Bank, 42 Okla. 330, 141 P. 272, as follows:

" 'In determining the existence of fraud, any evidence, direct or circumstantial, which is competent by other rules of law, and which in the opinion of the court has a legitimate tendency to prove or disprove the allegations in the issue, is admissible. Great latitude is allowed in the introduction of evidence, the extent of the investigation being largely in the discretion of the trial court, and objections to circumstantial evidence * * * to show fraud may well be admissible when taken as a whole, although some of the circumstances, considered separately, would be incompetent. The whole transaction involving the alleged fraud may be given in evidence. 20 Cyc. 10'."

Plaintiff next contends that the statute of limitation operates to bar any and all claims of the defendants. The defendant, Foster, held his interest in the land by deed executed by Ella P. Frazier in her lifetime. His interest was not affected by the decree of distribution made by the county court in administering upon the estate of Ella P. Frazier, deceased. Mary Clark obtained her patent on July 23, 1929. She executed her deed to the plaintiff July 26, 1929, which was recorded July 31, 1929. This suit was instituted on July 7, 1931, plaintiff alleging possession in himself, which, however, was denied. There were also allegations by the defendants that the fraud referred to by them was only discovered a short time before, in so far as that is material.

In view of all of the facts shown of record, and the general findings of the trial court in favor of the defendants, we find in our statute of limitation no provision to bar the defendants from asserting the claim presented.

The trial court entered judgment allowing defendants their interest in the property, but subject to a lien in favor of plaintiff for the money paid out, and ordered an accounting to determine the amount. To hold otherwise would deprive the defendants of their legal rights without compensation. The plaintiff under the judgment is made whole. In our opinion, justice has been done and the judgment should be upheld.

The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys William B. Moore, Thomas W. Leahy, and J. H. Kennedy in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Moore and approved by Mr. Leahy and Mr. Kennedy, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

OSBORN, V. C. J., and BAYLESS, PHELPS, CORN, and GIBSON, JJ., concur.