Stella M. COPENHAVER, as Administratrix of the Estate of Clarence F. Copenhaver, deceased; and Rachel E. Copenhaver, Plaintiffs in Error,

v.

Grace COPENHAVER, Clifford Copenhaver, Walter Copenhaver, Oscar Copenhaver, John Copenhaver, Roy Copenhaver, Jay Copenhaver, Rachel M. Neil and John E. Heller, Defendants in Error.

No. 37282.

Supreme Court of Oklahoma.

Sept. 24, 1957.

Rehearing Denied Nov. 13, 1957.

F. M. Houts and Houts & Houts, Alva, Loyd Benefield, Wayne B. Snow, and Savage, Gibson, Benefield & Shelton, Oklahoma City, for plaintiffs in error.

Sparks & Boatman, Woodward, Richard R. Downer, Alva, for defendants in error.

PER CURIAM.

This action is to determine who are the fee owners of two separate tracts of property. To maintain clarity in the factual situation and in the relationship of the parties, the two tracts will be treated separately. The parties will be designated by their trial court status, i. .e., Stella M. Copenhaver, widow and Administratrix of the Estate of Clarence F. Copenhaver, as plaintiff; Rachel E. Copenhaver, widow of John T. Copenhaver, as defendant; and Grace Copenhaver, widow of Thomas C. Copenhaver, as cross-petitioner. There are also other parties, children of cross-petitioner and her deceased husband, who occupy the status of cross-petitioners, but their interest will be discussed as though their mother were the only party. John T. Copenhaver was the father of Clarence and Thomas.

In 1920 John T. Copenhaver died testate, leaving his real estate, including that involved in this action, to defendant for life, remainder to his two sons equally. Both sons subsequently died. In her petition plaintiff alleges that defendant holds one of the tracts, Tract A, as life tenant and resulting trustee of the remainder for the heirs of Clarence and Thomas. The defendant claims this tract as hers in fee. The other property, Tract D–E, is alleged

by plaintiff to be equally owned in remainder by the heirs of the two sons, subject to their mother's life estate. The cross-petitioner claims that this tract was purchased by her husband and defendant's husband jointly, each owning one-half, and that, although the deed was made to John T. Copenhaver, she owns an undivided one-half in fee and an undivided one-fourth remainder, subject to defendant's life estate. The trial court rendered judgment denying defendant's claim to the fee ownership of Tract A and sustaining cross-petitioner's claim to the fee of an undivided one-half of Tract D–E and an undivided one-fourth remainder. Plaintiff and defendant have appealed.

Tract A: The north half of Section 36, Township 24 North, Range 14 West, I.M., Woods County, Oklahoma.

Prior to his death in 1920 defendant's husband had acquired a certificate of purchase for this property from the Commissioners of the Land Office. At his death there was a balance due on the purchase of $1,025. This balance was paid from the assets of his estate during administration by the co-executors, his two sons. For some unexplained reason a patent to the property was not issued when the debt was paid. Tract A was listed as an asset of his estate and distributed to defendant as life tenant with remainder to the two sons as the will provided. Defendant took possession of the property during administration and has been in continuous possession since that time. On August 8, 1938, a second certificate of purchase covering this property was issued by the Commissioners and named defendant as certificate owner by virtue of a "proper relinquishment" from the former owners. This certificate stated that the purchase price was paid in full. On August 29, 1938, based on this second certificate, a patent to Tract A was issued to defendant, which she filed for record in September. Most of the facts in this action were established by stipulation and documents; however, cross-petitioner testified that she had no knowledge of defendant's claim until this action was filed. In addition, cross-pe-

titioner introduced an abstract of the Commissioners' records which showed that defendant was determined by them to be entitled to the second certificate by virtue of the decree of distribution in her husband's estate in which she was awarded the property as life tenant, as directed in the will. The abstract of the Commissioners' records does not contain any relinquishment from the original certificate owner or his heirs as the second certificate recited. In the trial court the plaintiff and cross-petitioner tendered to defendant the amount of money paid to the Commissioners by the co-executors of her husband's estate. Plaintiff and defendant did not testify.

■ Defendant's claim to the fee of Tract A is based upon the certificate and patent from the Commissioners and also upon adverse possession. Neither claim is sufficient. The recitation in the certificate to the defendant (that she had secured a proper relinquishment from the ,original certificate holder, or his assigns) is not sustained by the abstract of the Commissioners' records, which reveals that the statement was a misapprehension of the effect of the decree of distribution. There was no relinquishment. The patent was issued on the basis of this erroneous certificate. Thus, the records reveal the Commissioners mistakenly designated defendant as the fee owner in the patent. It was agreed that defendant took possession of the property during administration of her husband's estate; that she elected to take under his will; that the court distributed the property to her as life tenant; that the estate paid the consideration to the Commissioners; that she held this possession for eighteen years before someone caused a second certificate to be issued to her based on the probate distribution. We are of the opinion that this is precisely that type of mistake contemplated by the rule stated in Stevens v. Patten, 174 Okl. 582, 50 P.2d 1106. In that case we quoted with approval from Johnson v. Riddle, 41 Okl. 759, 139 P. 1143, as follows:

"It is well settled that, if the officers of the Land Department are induced to

issue a patent to the wrong party by an erroneous view of the law, or because of a gross or fraudulent mistake of the facts, the rightful claimant has a remedy, and may avoid the decision of the Land Department and charge the legal title of the patentee with his equitable right to it, either upon the ground that, upon the facts found, conceded, or established, without dispute, at the final hearing before the department, its officers fell into a clear error in the construction of the law applicable to the case, which caused them to issue the patent to the wrong party, or that, through fraud or gross mistake, they fell into a misapprehension of the facts proved before them, which had the like effect."

█ The suggestion that the money used by the co-executors to pay the Commissioners was defendant's under the terms of the will and that, as a consequence, the patent was properly executed to her, ignores her status as devisee. The general rule is that a life tenant has only a lien for the value of money paid to discharge a mortgage, 33 Am.Jur., Life Tenants, Sec. 461. A Land Office certificate would be no different, for the purchaser is the owner of the property subject to the state's lien for deferred payments. First National Bank of Butler v. Welch, 119 Okl. 270, 250 P. 100. Plaintiff and cross-petitioner have elected to concede that the money paid to the Commissioners was a payment by defendant in effect and have, therefore, tendered to defendant the amount paid to satisfy the amount then remaining due to the Commissioners of the Land Office at the death of their father-in-law. This is sufficient.

█ Based upon her patent and its recordation, coupled with her possession for the requisite period, defendant also claims title by prescription. This claim, too, must fail, for there was no testimony of facts that would suggest to the remaindermen the adverse character of defendant's claim. Smith v. Williamson, 208 Okl. 323, 256 P.2d 174. On the contrary, the only testimony on this point was that of cross-petitioner who stated that there was no actual knowledge by her of the adverse claim. We pointed out in Gassin v. McJunkin, 173 Okl. 210, 48 P.2d 320, 326, that:

> " * * * Possession of a life tenant will be referred to his right thereunto, unless his conduct demonstrates a clear purpose to infringe the remainderman's right * * * It is not to be presumed that his possession is adverse to the owner of the subsequent estate. * * * "

See also, Lincoln v. Herndon, 141 Okl. 212, 285 P. 120. Adverse possession is not to be made out by inference, but by clear and positive proof. Every presumption is in favor of possession in subordination to the title of the true owner. Wilcox v. Wickizer, Okl., 266 P.2d 638. The mere recordation of this patent, without more, does not compel the conclusion that there was an ouster of the remaindermen. The Court's judgment on Tract A is not against the clear weight of the evidence.

Tract D–E: Southeast Quarter and the South Half of the Northeast Quarter, Section 21, Township 24 North, Range 13 West I.M., Woods County, Oklahoma.

█ In 1918 the owners of Tract D–E conveyed by warranty deed to J. T. Copenhaver, defendant's husband, as grantee. At the time of this conveyance there was an outstanding indebtedness against the property which was paid shortly afterwards by a remittance from a Carmen, Oklahoma bank, with instructions to send the release to J. T. Copenhaver. However, there was testimony from a person who was at that time an employee of Mr. Copenhaver and present at a conversation between defendant's husband and cross-petitioner's husband prior to the transfer of ownership, at which the father and son agreed to buy this tract together, "half and half". This same witness also related a subsequent conversation between the two men from which he understood that they had bought the tract together. In 1920 defendant's husband died and his two sons, as co-executors, included

as an asset of the estate only a one-half undivided interest in the tract, it being stated in the inventory "The other half interest belonging to T. C. Copenhaver". The decree of distribution was to the same effect. The proof established that father and son and their successors have always maintained an actual division of the property into two almost equal parts, the income from each part being retained by those who farmed that part. At least one-half of the taxes on the property had been paid by T. C. Copenhaver, or his heirs, except for one or two years. It also appears that in 1941 defendant, at cross-petitioner's request, voluntarily gave her a deed to that part of the tract farmed by cross-petitioner so that record title would be in her for the purpose of using her wheat allotment. When cross-petitioner's husband died in 1933 an undivided one-half interest in this tract was included as an asset of his estate while no mention was made of any of the other property formerly owned by his father which the son owned in remainder. And Clarence, prior to his death in 1951, had stated that cross-petitioner owned one-half of this tract. As Administratrix of Clarence's estate plaintiff only included as an asset of the estate an undivided one-fourth interest in Tract D–E subject to defendant's life estate. There was no direct testimony concerning who paid the consideration for the tract, but cross-petitioner offered to testify that she had been present at a conversation between her father-in-law and her husband at which they had agreed to borrow the money jointly at the Carmen bank. The offer was denied by the court as being proscribed by the "dead man's statute". But cross-petitioner did testify that her right to this property had never been questioned until the filing of this action. Plaintiff and defendant did not testify. The court concluded that a resulting trust had been established in favor of cross-petitioner's decedent and his successors to an undivided one-half of Tract D–E.

The only question presented by this part of the appeal is whether the evidence is sufficient to establish a resulting trust. All parties agree that such a trust can only be established by evidence of the most satisfactory nature, but they disagree on the quality of the evidence of this action. It is firmly established that a resulting trust may be proved by testimony in the same manner as any other disputed question, except that the evidence required must be clear, unequivocal, and decisive. The primary factual issue to be established is the payment of the consideration for the property, title to which has been taken in another. But this fact, as any other, may be established by circumstantial evidence of the requisite quality. Unfortunately, the original parties to the purchase of Tract D–E are now deceased and this controversy is among their surviving widows; but all the evidence, and there was no conflicting testimony in the case, can only be reconciled by relation to the testimony of the employee as to the original purchase of the property. All the subsequent acts and conduct of the persons directly interested in the ownership of the property are circumstantially highly persuasive in support of the conclusion that the property was in fact purchased "half and half" as the employee related the father and son had agreed.

We are of the opinion that the record contains evidence of the quality necessary to establish a resulting trust, and, such being the case, we affirm the trial court since it does not appear that its judgment is against the clear weight of the evidence.

The Court acknowledges the aid of the Supreme Court Commission in the preparation of this opinion. After a tentative opinion was written by Commissioner James H. Nease the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.