## MILLER et al. v. DURRILL, Rec.

No. 24306.    Feb. 4, 1936.

Rehearing Denied March 24, 1936.

J. Berry King, Atty. Gen., Robert D. Crowe, Asst. Atty. Gen., and R. A. Keller, for plaintiffs in error.

Loofbourrow & Holcomb, for defendant in error.

Langley & Langley, amici curiae.

PER CURIAM. For convenience we refer to the parties as they appeared below; plaintiff in error as defendant and defendant in error as plaintiff.

This is an action wherein the plaintiff, receiver of land incumbered by mortgage, asked that the defendants, representatives of the State Highway Department, and their agents, employees and workmen, be restrained and enjoined from entering upon and appropriating any of such land until the same is condemned as by law provided, or a fair agreement respecting the matter is arrived at.

The facts are as follows: David A. Crooks and Flossy Crooks owned 40 acres of land west of May, Okla., described as S. E. ¼, S. W. ¼ of sec. 20, T. 25, R. 24 W. of the Indian Meridian. The First National Bank of LaVerne, Okla., held a $1,000 mortgage on the property. The mortgage became in default, and on December 18, 1931, the bank commenced foreclosure proceedings in the district court of Harper county. At about the time of the commencement of the foreclosure action Crooks abandoned the property and moved to Ellis county, Okla.

Thereafter service was had on Crooks in that county, and after default of an answer, judgment on the note and a decree foreclosing the mortgage and directing the sale of the land without appraisement was rendered on February 22, 1932.

On June 22, 1932, David A. Crooks and his wife, Flossy Crooks, joined in the execution of an instrument called an easement to the state of Oklahoma, wherein they granted the state an "easement" for highway purposes across the land and the right of excavation on a piece of ground 25x442 feet, on this tract of land. Soil was to be removed for the purpose of building a fill or grading the highway. The consideration of this easement was $22.90. On July 20, 1932, this easement was recorded in the office of the county clerk of Harper county. On the same date, July 20, 1932, application was made by the bank, the judgment creditor, for the appointment of a receiver for the land, and after due notice to Crooks, the plaintiff, A. Durrill, was appointed receiver on July 26, 1932, and qualified shortly thereafter. The defendants, S. R. Miller and E. T. Venable, thereafter began work on this highway construction affecting the land mentioned.

Work was commenced on the excavation just 20 feet from the house located on the land, necessitating the destruction of fruit and forest trees on the land. The plaintiff forbade the defendants to go on the land, but defendants insisted they would go on the premises, and that they had authority to so do by virtue of a letter from the Highway Commission. Thereafter, on the same date, the plaintiff commenced this action; obtained temporary restraining order from the county judge, which was returnable to the district court of Harper county, on September 27, 1932. The same was heard by the court on that date, and after taking the matter under advisement, judgment was rendered on October 23, 1932, in favor of the plaintiff, enjoining defendants.

On August 24, 1932, the redemption period having expired, an order of sale was issued, and on September 26, 1932, the property was sold to the First National Bank of LaVerne, Okla., for $500. On September 27, 1932, the sale was confirmed and deed issued to the purchaser.

The issues to be decided in this case are whether or not, under the facts of the case, the lien interest of the mortgagee and judgment creditor, represented by the receiver, is such an interest as may not be taken or damaged for a public use without plaintiff's consent, or condemned by judicial process, without notice to him; and, if so, whether injunction is the proper remedy for his protection against alleged illegal taking or damage.

While a mortgagee does not have, under the laws of Oklahoma, title to real property covered by his mortgage, he has an interest

in such property within the meaning of the Constitution and laws of the state relating to eminent domain, and is such a party in interest as is entitled to notice of such proceedings, and to participate in all of such proceedings, and to appeal from any unsatisfactory award. And the mortgagor cannot prejudice his rights by any amicable grant or a part of such realty for a public use without his consent.

Article 2, sec. 24 (in part) of the Constitution, is as follows:

"Private property shall not be taken or damaged for public use without just compensation. Such compensation, irrespective of any benefit from any improvements proposed, shall be ascertained by a board of commissioners, of not less than three freeholders, in such manner as may be prescribed by law. The commissioners shall not be appointed by any judge or court without reasonable notice having been served upon all parties in interest. * * * Any party aggrieved shall have the right of appeal, without bond, and trial by jury in a court of record."

Sections 10092-10094, O. S. 1931, authorize the State Highway Department to proceed in such matters in the manner authorized for the condemnation of interests in real property by railroad companies. Of course, conformable to the constitutional provisions.

In relation to eminent domain proceedings, section 11931, O. S. 1931, provides in part as follows:

"If the owner of any real property **or interest therein** over which any railroad corporation, incorporated under the laws of this state may desire to locate its road, shall refuse to grant the right of way through and over his premises, the district judge of the county in which said real property may be situated shall upon the application or petition of either party, **and after ten days notice to the opposite party,** either by personal service or by leaving a copy * * * direct the sheriff of said county to summon three disinterested freeholders to be selected by said judge from the regular jury list. * * *"

We believe that this section, by this and other provisions as well, clearly provides for the protection of mortgage holders. Even though a mortgage holder may not be an owner in every sense, he is most assuredly an interested party in proceedings by the state to take property either by amicable agreement with the mortgagor, or by eminent domain proceedings.

In Sherwood, Adm'r, etc., v. City of La

Fayette and Another, 109 Ind. 411, 10 N. E. 89, 58 Am. Rep. 414, it is said:

"It is true, as contended by appellee's counsel, that a mortgage does not convey a title to the mortgagee. * * * But, while the mortgage does not convey title to the land, it nevertheless does convey to the mortgagee an interest in the land itself, of which he cannot be divested."

In Omaha Bridge & Terminal Railway Co. v. Reed (Neb.) 96 N. W. 276, this rule is laid down:

"A mortgagee is an owner within the meaning of the statute providing for the taking of land under the power of eminent domain; and, as such owner, he has a right to prosecute an independent appeal from the freeholders' award."

In the recent case of Morse v. Board of County Commissioners of Marshall Co., 38 P. (2d) 945, analogous in principle, decided by this court, it is said:

"Under the Constitution commissioners could not have been appointed 'without reasonable notice having been served upon all parties in interest.' The words 'all parties in interest' must be used in their broadest sense, and this being true, then the mortgagees were 'parties in interest' and in condemnation proceedings must be served with notice before commissioners could be appointed; 'any party aggrieved' shall have the right of appeal, etc., is broad enough to include any person upon whom notice was served or should have been served. Since the defendant county was taking part of the mortgagees' security, the latter were interested in seeing that the security was not diminished; and if diminished without just compensation to them, they would have the right of appeal as 'party aggrieved.'"

And since the property in the instant case could not have been taken or damaged for public use by judicial proceedings without notice to the mortgage lienholder, giving him his day in court, the private contract of the mortgagor could not affect or qualify the rights of the mortgagee.

The evidence developed that the defendants, S. R. Miller and E. T. Venable, were working for and under a contract with the state of Oklahoma. The state has the right to condemn private property for public use. Under such facts, the question might arise as to whether the plaintiff could rightfully sue to enjoin the construction of the highway or whether his remedy was restricted to having his damages, if any, determined under appropriate eminent domain proceedings. That question is not presented by this

appeal, however, and we do not decide the same.

The judgment is affirmed.

The Supreme Court acknowledges the aid of Attorneys John A. Brett, John Embry, and W. R. Bleakmore in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Brett and approved by Mr. Embry and Mr. Bleakmore, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.