## UNIVERSAL CREDIT CO. v. McBRAYER.

No. 22724. March 24, 1936.

M. F. Hudson and W. A. Tidwell, for plaintiff in error.

E. C. Armstrong, for defendant in error.

OSBORN, V. C. J. This was an action in replevin by Universal Credit Company against J. G. McBrayer to recover possession under a conditional sales contract of a certain automobile. The parties will be referred to as plaintiff and defendant, respectively.

On or about April 4, 1930, defendant went to Foreman Motor Company, in Foreman, Ark., seeking to trade a 1927 model Chevrolet automobile for a 1930 model Ford sedan. The Chevrolet was incumbered by a mortgage securing an indebtedness of defendant in the sum of $150. The Ford was new, having been driven only from the factory branch in Memphis to Foreman. A trade was made. Defendant took the Ford, delivered the Chevrolet to Foreman Motor Company, paid it $50 in cash, executed and delivered to it two promissory notes for $105 each, and executed and delivered a conditional sales contract which, when introduced in evidence, purported to obligate defendant to pay seven months thereafter the additional sum of $360.39; and the motor company assumed and agreed to pay the $150 of indebtedness against the Chevrolet. In the conditional sales contract it was provided that title to the Ford should not pass to the purchaser until all sums due under the contract had been paid. That contract was assigned by the motor company to plaintiff, a credit company for Ford dealers, and is the basis of this action, the amount provided for therein not having been paid.

In his answer defendant admitted signing the contract, but alleged that it was in blank when he signed it, that he signed it on the representation that it was an application for insurance on the Ford car, and that subsequently the motor company without his knowledge or consent filled in the blanks so as to make it provide for the payment of $360.39.

The trial court held that the burden was on the defendant to establish his defense. Demurrer to defendant's evidence having been overruled, plaintiff introduced its evidence and thereupon moved for an instructed verdict, which was denied. The court submitted the issues arising under the pleadings to the jury, and a verdict was returned in favor of defendant. Complaint is made that the cause was not properly submitted to the jury and that the evidence of defendant was insufficient to warrant the court in submitting same to the jury.

We have examined the record and find that the evidence is conflicting, but that the evidence of defendant was sufficient to authorize the court to submit the case to the jury. The instructions of the court fairly stated the questions tendered by the pleadings, with the burden on defendant to establish his defense, and the jury having returned a verdict on conflicting evidence, this court will not disturb the judgment of the trial court pronounced thereon. Beaver, M. & E. R. Co. v. Baker, 167 Okla. 568, 31 P. (2d) 130.

The judgment of the trial court is affirmed.

McNEILL, C. J., and RILEY, BUSBY, and PHELPS, JJ., concur.