## ABRAMS v. NEAL, Adm'r.

No. 27274. April 6, 1937.

E. C. Fitzgerald, for plaintiff in error.

Frank Nesbitt and L. A. Wetzel, for defendant in error.

PER CURIAM. This is an appeal from a judgment of the district court of Ottawa county. The same parties are involved and much the same state of facts is presented as were involved and presented in the case of Abrams v. Neal, Adm'r, 178 Okla. 158, 61 P. (2d) 1103. The action was instituted by the defendant in error, hereinafter re-

ferred to as plaintiff, against the plaintiff in error, hereinafter referred to as defendant, to obtain the possession of certain personal property and procure the cancellation of a purported bill of sale. The plaintiff claimed the property in his representative capacity. The defendant claimed the property as a gift from the plaintiff's intestate both by delivery and by deed. The cause was tried to a jury. Demurrer of the defendant to the plaintiff's evidence and motion of defendant for directed verdict were overruled and denied. The jury returned a verdict in favor of the plaintiff. Defendant appeals from the judgment rendered on the verdict and the order overruling his motion for new trial. Defendant assigns five specifications of error which he presents under the single proposition that the evidence is insufficient to support the verdict and judgment in favor of the plaintiff. As supporting this contention, defendant cites and relies upon the cases of Garrison v. Spencer, 58 Okla. 442, 160 P. 493, and Devin v. Mitchell, 142 Okla. 233, 286 P. 335. An examination of the above cases reveals that they are authority for the rule that a gift may be made by deed without the necessity of a change of possession of property, and that when a donor and donee are related and live in the same house at the time a gift is made, the subsequent exercise of dominion and control of such property by donee constitutes a sufficient delivery and acceptance of the gift. These cases are of but slight assistance in the case at bar. The disputed question was whether there had been a delivery of any of the personal property or the bill of sale under which the defendant claimed. The evidence of the parties with respect to what had transpired was in dispute, and therefore whether there had been any gift made either by delivery of the property or by bill of sale became a question of fact for determination by the jury under proper instructions of the court. An examination of the record discloses that the issue was properly submitted to the jury under instructions which were fundamentally correct, and that thereupon they resolved the conflict in the evidence contrary to the contention of the defendant. The record shows that there is ample evidence therein to support the verdict and finding of the jury. Under such circumstances, the judgment will not be disturbed. As stated in Universal Credit Co. v. McBrayer, 176 Okla. 402, 55 P. (2d) 1008:

"Where a law action is tried to a jury, and submitted under instructions fairly stating the law, and the evidence on the material questions of fact involved is in conflict, and there is evidence reasonably tending to support the verdict of the jury, the verdict and judgment rendered in accordance therewith will not be set aside by the Supreme Court on appeal."

The judgment of the trial court is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and PHELPS, GIBSON, and HURST, JJ., concur.